# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MALONE,<br><br>        Petitioner,<br><br>   v.<br><br>TOM FELKER,<br><br>        Respondent.<br>_____/ | CV F   07-00743 AWI SMS HC<br><br>ORDER GRANTING PETITIONER'S REQUEST FOR STAY AND ABEYANCE<br><br>[Doc. 2] |

      Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner is represented by Charles M. Bonneau, Jr.

      On May 21, 2007, Petitioner filed the instant petition for writ of habeas corpus.  In it, Petitioner has raised seven grounds for relief.  It appears that three of the claims have not been exhausted.  Petitioner concedes that some of the claims have not been exhausted, and he states that a petition for writ of habeas corpus has been filed and is still pending at the California Supreme Court.  Petitioner requests stay and abeyance of the petition pending the outcome of the petition at the California Supreme Court.  Petitioner states that timely filing in this Court is necessary to meet the federal statute of limitations, in the event that the statute is not tolled because the state petition is held to be untimely and defaulted.

## DISCUSSION

      In <u>Rhines v. Weber</u>, 544 U.S. 269, 277 (2005), the Supreme Court held that a district court has discretion to stay a mixed petition to allow a petitioner to present his unexhausted

claims to the state court in the first instance and then to return to federal court for review of his perfected petition.

Nevertheless, stay and abeyance is available only in limited circumstances, because the procedure frustrates AEDPA's[1] objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings and undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. Id. The Supreme Court held that a stay and abeyance is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. Even if Petitioner were to demonstrate good cause for that failure, "the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Id.

In this case, the Court finds good cause to excuse Petitioner's failure. The three unexhausted claims are currently pending before the California Supreme Court and are based on newly discovered evidence allegedly demonstrating Petitioner's innocence. (Court Doc. 2-1, at 3.) Specifically, Petitioner contends that he became aware of additional suspects when the prosecutor provided information to defense counsel by a letter dated July 14, 2005.[2] (Court Doc. 2-2, at 2.) The Court cannot say that Petitioner's claims are not potentially meritorious and there is no evidence that Petitioner engaged in intentionally dilatory litigation tactics.

Therefore, the Court will grant a stay of the proceedings. However, the Court will not indefinitely hold the petition in abeyance. Rhines, 544 U.S. at 277. Petitioner must inform the Court no later than thirty days after the date of service of this order, the status of the petition at the California Supreme Court. Further, Petitioner must file a new status report every sixty (60) days thereafter as to the status of the petition. Following final action by the California Supreme Court, Petitioner will be allowed thirty (30) days to notify the Court of the ruling. Failure to

---

[1] AEDPA refers to the Antiterrorism and Effective Death Penalty Act of 1996.

[2] However, the Court does not have sufficient information to determine whether the instant petition is timely and therefore takes no position on the issue at this time.

comply with these instructions and time allowances will result in this Court vacating the stay nunc pro tunc to the date of this order.  Rhines, 544 U.S. at 278.

ORDER

Accordingly, it is HEREBY ORDERED that:

1. Petitioner's motion to stay the petition and hold the exhausted claims in abeyance is GRANTED;

2. The instant petition is STAYED pending exhaustion of Petitioner's state remedies;

3. Petitioner is DIRECTED to file a status report within thirty (30) days from the date of service of this order advising the Court of the status of the petition pending at the California Supreme Court;

4. Petitioner is DIRECTED to file a new status report every sixty (60) days after filing his initial status report; and

5. Petitioner is GRANTED thirty (30) days time following the final order of the state courts in which to file a final status report.

IT IS SO ORDERED.

**Dated:    June 8, 2007**              /s/ Sandra M. Snyder
                                                  UNITED STATES MAGISTRATE JUDGE