UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MALONE, | No. 1:07-cv-00743-AWI-SMS (HC) |
| Petitioner, | ORDER DISMISSING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE (Doc. #33) |
| v. | |
| MATTHEW KRAMER, | ORDER DENYING MOTION TO APPOINT COUNSEL (Doc. #34) |
| Respondents. | |
| | ORDER DENYING MOTION FOR EXTENSION (Doc. #35) |

    On July 19, 2010, the undersigned issued an order denying the petition for writ of habeas corpus on the merits. Petitioner appealed to the Ninth Circuit and on October 13, 2011, the judgment was affirmed.

    On July 25, 2016, Petitioner filed three motions in this closed case: 1) A motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence; 2) A motion for appointment of counsel; and 3) A motion for extension of time with respect to the § 2255 motion. Petitioner's various motions will be denied.

    28 U.S.C. § 2255 applies to post-conviction challenges to a *federal* prisoner's conviction or sentence. See 28 U.S.C. § 2255; Nettles v. Grounds, 830 F.3d 922, 931 n.6 (9th Cir. 2016) (en banc); Woods v. Carey, 525 F.3d 886, 889 n.2 (9th Cir. 2008). 28 U.S.C. § 2254 applies to post-conviction challenges by a *state* prisoner challenging his conviction or sentence. See 28 U.S.C. §

2254; Woods, 525 F.3d at 889 n.2; Stone v. Cardwell, 620 F.2d 212, 213 (9th Cir. 1980).  Since Petitioner is a state prisoner, he must seek relief pursuant to § 2254.  See id.  Therefore, despite invocation of § 2255, the Court will view Petitioner's motion as brought under § 2254.

So viewing the petitioner, as noted above, a prior § 2254 petition by Petitioner was denied on July 19, 2010.  Petitioner acknowledges this fact by stating that he pursuing a second or successive action.  (Doc. No. 35 at p. 1.)

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition.  28 U.S.C. § 2244(b)(1).  The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right, or (2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.  28 U.S.C. § 2244(b)(2)(A)-(B).  However, it is not the district court that decides whether a second or successive petition meets these requirements.  28 U.S.C. § 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court.  See Burton v. Stewart, 549 U.S. 147, 152-53 (2007).  This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Burton, 549 U.S. at 152; United States v. Washington, 653 F.3d 1057, 1062-65 (9th Cir. 2011); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).

Here, Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file this successive petition attacking the conviction.  Thus, this Court has no jurisdiction to consider Petitioner's renewed application for relief from that conviction under § 2254.  See Burton, 549 U.S. at 152; Washington, 653 F.3d at 1062-65; Cooper, 274 F.3d at 1274.  Therefore, the petition must be denied.

Petitioner has also filed a motion for appointment of counsel with respect to his motion to vacate. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Roe v. Coursey, 469 Fed. Appx. 622, 624 (9th Cir. 2012); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, Title 18 U.S.C. §3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." See Rule 8(c), Rules Governing § 2254 Cases. The instant case is closed, Petitioner has not obtained permission to file a successive petition, and the Court does not find that the interests of justice require the appointment of counsel at the present time.

In addition, Petitioner has filed a motion for extension of time with respect to his habeas petition. Because the Court is dismissing the petition for lack of jurisdiction, the motion for an extension of time will be denied as moot.

Finally, because reasonable jurists would not disagree that this Court is without jurisdiction to grant Petitioner's petitioner because the petition is an unauthorized successive petition, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253; Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1. Petitioner's petitioner, filed on July 25, 2016 (Doc. No. 33) is DISMISSED without prejudice due to lack of jurisdiction;
2. Petitioner's motion for appointment of counsel (Doc. No. 34) is DENIED;
3. Petitioner's motion for extension of time (Doc. No. 35) is DENIED as moot;
4. The Court declines to issue a certificate of appealability; and
5. This case remains CLOSED.

IT IS SO ORDERED.

Dated:   March 2, 2017

SENIOR DISTRICT JUDGE